IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **Criminal Action No.** |
| vs. | § | **3:12-CR-168-M** |
| | § | |
| **JOSE ARCE** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Referral*, filed September 10, 2012, before the Court is the defendant's correspondence seeking to retract his guilty plea, filed August 24, 2012 (doc. 19). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

The defendant is charged by indictment filed June 5, 2012 with being an alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). (*See* doc. 1.) He made his initial appearance on the charges on June 26, 2012, and was arraigned and entered a plea of not guilty on July 3, 2012. (*See* doc. 5.) On July 20, 2012, the defendant filed a factual resume stipulating to facts sufficient to support a plea of guilty to the charge in the indictment. (*See* doc. 14.) He appeared for re-arraignment on August 9, 2012, and entered a plea of guilty to the indictment before a magistrate judge, who entered a written report and recommendation on that date that the plea be accepted. (*See* doc. 17.) On August 16, 2012, the defendant mailed a letter to the court stating that he "would like to retract [his] guilty plea." (*See* doc. 19.) The written report and recommendation concerning the plea of guilty has not yet been accepted by the district judge.

The defendant appeared for a hearing concerning his motion on September 14, 2012. His letter was translated for him on the record, and he affirmed under oath that he wished to withdraw his plea of guilty.

1

Rule 11(d)(1) of the Federal Rules of Criminal Procedure provides that a "defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason". The Fifth Circuit has made clear that "Rule 11(d)(1) is an absolute rule: a defendant has an absolute right to withdraw his or her guilty plea before the court accepts it." *U.S. v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008). A district court errs in denying a request to do so. *Id.* Accordingly, because the defendant moved to withdraw his plea of guilty before it was accepted by the district judge, his motion must be **GRANTED**.

**SO RECOMMENDED**, **on this 14th day of September, 2012.**

                                                                                       _____
                                                                                       IRMA CARRILLO RAMIREZ
                                                                                       UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                       _____
                                                                                       IRMA CARRILLO RAMIREZ
                                                                                       UNITED STATES MAGISTRATE JUDGE